**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF THE MICHIGAN REGIONAL
COUNCIL OF CARPENTERS EMPLOYEE
BENEFITS FUND, et al.,

      Plaintiffs,

                                                  Case No.02-CV-73683-DT

v.

                                                  HONORABLE DENISE PAGE HOOD

RESAC CARPENTRY, INC. and
RAYMOND RESAC,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO CORRECT CAPTION

On March 22, 2005, the Court entered a judgment in favor of Plaintiffs and against Defendants Resac Carpentry, Inc. and Roy Resac. Plaintiffs brought this motion to correct the caption indicating that Defendant Roy Resac's correct legal name is "Raymond" A. Resac. Plaintiffs originally claimed Defendant "Raymond" Resac sometimes refers to himself as "Roy" Resac, which is the reason why Plaintiffs used "Roy" Resac in all the captions and pleadings. At the second hearing in this matter, Plaintiffs asserted that "Roy" had been inaccurately transcribed and should have been "Ray." Plaintiffs claim the correction of this scrivener's error will facilitate collection proceedings in this judgment. Plaintiffs move to correct the captions based on Rule 60(a) of the Rules of Civil Procedure.

Rule 60(a) of the Rules of Civil Procedure provides that clerical mistakes in judgments, orders or other parts of the records may be corrected by the court on the motion of any party as the court may order at any time. Fed.R.Civ.P. 60(a). The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission. *Walter*

*v. Gianetti*, 282 F.3d 434, 440 (6th Cir. 2002). A court properly acts under Rule 60(a) when it is necessary to "correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial." *Id.* at 441 (citation omitted). The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an error of substantive judgment. *Id.* The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consists of "blunders in execution" whereas the latter consists of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination. *Id.*

Rule 60(a) is not applicable to Plaintiffs' motion. The Court did not make a "clerical mistake" in any of its orders or judgments. Instead, Plaintiffs are seeking to amend the caption, which is essentially a Motion to Amend under Rules 4(c) and 15(c) of the Rules of Civil Procedures. *See Triangle Distributing, Inc. v. Shafer, Inc.,* 934 F.2d 51, 1991 WL 1643333, **2 (6th Cir. Aug. 23, 1991)(unpublished). The general test in deciding whether to allow a party to amend the process and/or complaint to correct an asserted misnomer of the defendant is whether on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person. *Id.* at **2-**3.

In this case, Plaintiffs originally claimed the person they named in the complaint, "Roy" Resac, is properly named, "Raymond" Resac, and that he commonly uses the name "Roy," instead of "Raymond." However, there was no affidavit indicating that "Raymond" Resac uses the name, "Roy." Plaintiffs had submitted a copy of what purports to be a Michigan Drivers License Record,

indicating the name "RESAC RAYMOND ANTHONY" with an address of 2766 David St., Melvindale, MI 48122. Plaintiffs also submitted a copy of a State of Michigan document regarding a corporate entity which shows that Defendant Resac Carpentry, Inc.'s resident agent is "Raymond A. Resac." The Repayment Agreement has a signature line for "Roy Resac, individually and on behalf of Resac Carpentry, Inc."

After the first hearing in this case, the Court allowed Plaintiffs to submit additional documentation regarding the identity of Defendant. The hearing was previously scheduled for October 26, 2005 but it was adjourned to December 13, 2005. Plaintiffs submitted their supplemental brief and documentation on December 12, 2005.

At the second hearing, Plaintiffs claimed that "Roy" was inadvertently transcribed instead of "Ray" and that "Raymond" Resac commonly uses the name "Ray." Plaintiffs subpoenaed and presented as a witness, John Resac, who testified that he is the father of Raymond Resac, who commonly uses the name, "Ray." He further testified that he formerly owned Resac Carpentry and had sold it to "Raymond" Resac, who is now the sole owner. He further testified that Raymond "Ray" Resac lives with him at 2766 David St. in Melvindale, Michigan and that Raymond Resac receives mail there.

As to the additional information, it does not conclusively show that "Roy" is "Raymond." The Fringe Benefits Funds Benefit Report does not show "Raymond" or "Roy"–all it has is a signature.[1] The Wayne County Register of Deeds document indicates "Raymond" Resac at the David St. address but this does not necessarily show "Roy" is "Raymond." The Repayment

---

[1] This Exhibit, and other exhibits submitted by Plaintiffs, information required to be redacted under the court's CM/ECF procedures.

Agreement, which already is part of the record, indicates it was signed and that the person who signed it was "Roy Resac, individually and on behalf of Resac Carpentry, Inc." The Michigan Department of Consumer & Industry Services shows that the registered agent for Resac Carpentry, Inc. is Raymond A. Resac. The Michigan Drivers License Record indicates Raymond Anthony Resac's address is 2766 David St., Melvindale, MI 48122. John Resac testified at the hearing that Raymond Resac lives at 2766 David St. in Melvindale, is the owner of Resac Carpentry and is his son.

Applying the objective standard set forth by the Sixth Circuit, the Court must determine whether it is reasonable to conclude that Plaintiffs in this case, had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person. *Triangle* at \*\*3. Based on the testimony and documents presented by Plaintiffs, the Court is satisfied that the Plaintiffs meant to sue "Raymond" Resac and properly served the papers on "Raymond" Resac, at the address on David St. in Melvindale. The Court grants Plaintiffs' Motion to Amend the Caption under Rules 4(c) and 15(c).

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Correct Caption **(Docket No. 27, filed April 22, 2005)** is GRANTED. The caption is amended to reflect that the individual Defendant is Raymond Resac, not Roy Resac.

    /s/   DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: January 19, 2006

I hereby certify that a copy of the foregoing document was served upon

4

| | |
|---|---|
| Brett P. Heubner, Esq., | Roy Resac |
| 2000 Town Center, Ste. 2370 | 2766 David St. |
| Southfield, MI 48075 | Melvindale, MI 48122 |
| | |
| Roy Resac | Resac Carpentry, Inc. |
| 2035 McKinley | 2766 David St. |
| Lincoln Park, MI | Melvindale, MI 48122 |

counsel of record on January 19, 2006, by electronic and/or ordinary mail.

s/William F. Lewis  
Case Manager